**Electronically Filed
Intermediate Court of Appeals
30733
28-JUL-2011
09:03 AM**

NO. 30733

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
THOMAS H. BROWN, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0720)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Thomas H. Brown (Brown) appeals from the August 16, 2010 judgment entered by the Circuit Court of the First Circuit (circuit court),[1] convicting him of Electronic Enticement of a Child in the First Degree (Electronic Enticement), in violation of Hawaii Revised Statutes (HRS) § 707-756 (Supp. 2010).[2]

---

[1]    The Honorable Virginia L. Crandall presided.

[2]    HRS § 707-756 reads now, as it did at the time of Brown's arrest:

(1)    Any person who, using a computer or any other electronic device:

    (a)    Intentionally or knowingly communicates:

        .  .  .  .

        (iii)  With another person who represents that person to be under the age of eighteen years;

    (b)    With the intent to promote or facilitate the commission of a felony:

(continued...)

At trial, the State produced logs of online chats in which Brown engaged in sexually-explicit conversations with a detective from the Honolulu Police Department's (HPD) Internet Crimes Against Children Detail who was posing as a 14-year-old girl named Shanna Lee. Brown was arrested outside a Honolulu store where his online alias "antiposer69" had arranged to meet "Shanna."

On appeal, Brown alleges the circuit court committed plain error by: (1) not instructing the jury on the definition of "person" stated in HRS § 707-700; (2) giving an instruction on Sexual Assault in the First and Third Degrees that did not conform to the statutory definitions of the crimes; and, (3) when instructing the jury on Electronic Enticement, stating that Defendant acted "with the intent to promote or facilitate the commission of the offense[s] of Sexual Assault in the First Degree or Sexual Assault in the Third Degree" that, he claims, "were non-existent under these facts." Lastly, Brown contends there is insufficient evidence to support the jury's verdict.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Brown's points of error as follows:

---

(...continued)

            . . . .

> (iii)  That is another covered offense as defined in section 846E-1, agrees to meet with the minor, or with another person who represents that person to be a minor under the age of eighteen years; and
>
> (c)  Intentionally or knowingly travels to the agreed upon meeting place at the agreed upon meeting time,
>
> is guilty of electronic enticement of a child in the first degree.
>
> (2)  Electronic enticement of a child in the first degree is a class B felony. Notwithstanding any law to the contrary, a person convicted of electronic enticement of a child in the first degree shall be sentenced to an indeterminate term of imprisonment as provided by law.

(1)     The omission of a jury instruction defining "person" did not render the instructions prejudicially insufficient.  See State v. Kassebeer, 118 Hawai'i 493, 504, 193 P.3d 409, 420 (2008).  Brown argues that the circuit court should have instructed the jury on the definition of "person" as given in HRS § 707-700, which defines a person as a "human being who has been born and is alive."  His argument implies that the jury needed the definition of person in HRS § 707-700, to distinguish living human beings from fictional characters like "Shanna."

Brown cites State v. Aiwohi, 109 Hawai'i 115, 123 P.3d 1210 (2005), and State v. Jardine, 101 Hawai'i 3, 61 P.3d 514 (App. 2002), for support.  The issue in Aiwohi and Jardine was whether an unborn fetus could be considered a "person" under the Hawai'i Penal Code.  These cases are not instructive here.

Where jurors are not given the legal definitions of terms, it is presumed "that the jury applied the commonly understood meaning of those terms."  Roxas v. Marcos, 89 Hawai'i 91, 148, 969 P.2d 1209, 1266 (1998).  A "person" is commonly defined as "human" or "individual."  Merriam-Webster Dictionary 924 (11th ed. 2003).  This common definition is similar in substance to the definition Brown claims was missing. Accordingly, the instructions were not insufficient in this regard.

(2)     The court's instructions on Sexual Assault in the First Degree[3] and Sexual Assault in the Third Degree,[4] which were

---

[3]     HRS § 707-730 (Supp. 2009) reads:

**Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:

. . . .

(c)     The person knowingly engages in sexual penetration with a person who is at least fourteen years old but less than sixteen years old; provided that:

(i)     The person is not less than five years older than the minor; and

(continued...)

3

included to explain the intent element of the Electronic Enticement charge, were inaccurate because they failed to properly state all the elements of those crimes.

With Brown's agreement, the circuit court gave the State's proposed instructions, which included Instruction 9.44A and 9.49A of Hawai'i Jury Instructions Criminal (HAWJIC) with modifications. The first part of each instruction tracks the definition of first-degree sexual assault and third-degree sexual assault respectively.

In the second part of the instructions, the HAWJIC instructions were modified to enumerate elements that the State needed to prove. Specifically, language in the third element of each instruction was "[t]hat 'Shanna' was a person who represented herself to be at least fourteen years old but less than sixteen years old at that time[.]" This element was inconsistent with the first part of the instructions, which accurately stated the law by defining the crime of sexual assault as, <u>inter alia</u> engaging in the prohibited conduct "with a minor <u>who is</u> at least fourteen years old but less than sixteen years old" (empahsis added). In the second part of the instructions, the court instructed the jury that the State must show that Brown

---

[3](...continued)

        (ii)    The person is not legally married to the minor[.]

[4]     HRS § 707-732 (Supp. 2009) reads:

**Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:

    . . . .

    (c)    The person knowingly engages in sexual contact with a person who is at least fourteen years old but less than sixteen years old or causes the minor to have sexual contact with the person; provided that:

        (i)    The person is not less than five years older than the minor; and

        (ii)    The person is not legally married to the minor[.]

4

intended to engage in sexual penetration or contact with someone claiming to be 14. Such an instruction is inaccurate because engaging in sexual penetration or contact with someone who claims to be underage, but is not, would not satisfy the requirements for sexual assault in the first or third degrees

(3) Brown argues that because "'Shanna' was not a 'person' to whom the [sexual assault] statutes applied," the sexual-assault offenses were "nonexistent" and therefore the court erred in providing instructions on them. Brown cites to State v. Loa, which held that a jury instruction for a "nonexistent offense was erroneous per se." 83 Hawai'i 335, 357, 926 P.3d 1258, 1280 (1996). Loa was found guilty of attempted reckless manslaughter, an offense not recognized under the Hawai'i Penal Code. Id. (citing State v. Holbron, 80 Hawai'i 27, 43-45, 904 P.2d 912, 928-30 (1995)). First- and third-degree sexual assault, however, are crimes for which a defendant may be prosecuted and are therefore not "nonexistent." See, e.g., Kassebeer, 118 Hawai'i at 520, 193 P.3d at 436 (remanding case for new trial on first-degree sexual assault and kidnapping charges); State v. Behrendt, 124 Hawai'i 90, 237 P.3d 1156 (2010) (affirming conviction for third-degree sexual assault).

Brown's argument is essentially that it would have been impossible for Brown to commit first- or third-degree sexual assault against "Shanna" because "Shanna" was not a real child. We rejected this argument in State v. Nicholson, 120 Hawai'i 480, 484-85 & n.3 , 210 P.3d 3, 7-8 & n.3 (App. 2009). Moreover, the plain language and the legislative intent of HRS § 707-756, specifically subpart (1)(a)(iii), was to remove the "the defense of impossibility," where the alleged sex offender argues that he or she cannot be convicted of enticement because the person with whom he or she communicated was not actually a child. S. Stand. Comm. Rep. No. 2867, in 2002 Senate Journal, at 1384. Because "it was not necessary for Nicholson to actually commit one of the felony offenses defined in HRS § 846E-1 in order to violate the prohibition against the electronic enticement of a child[,]"

5

Nicholson, 120 Hawai'i at 485, 201 P.3d at 8, the fact that "Shanna" was not a real "person" under the sexual assault statutes is irrelevant.

(4) The State produced substantial evidence of Brown's intent to facilitate the commission of prohibited sexual acts. We disagree with Brown that "the State had to prove, as an attendant circumstance of the offense, that when Brown engaged in the conduct with the specified state of mind of intending to promote or facilitate commission of [first- or third-degree sexual assault] offenses, that Shanna was a person within the ambit of the [first- and third-degree sexual assault] statutes." See Nicholson, 120 Hawai'i at 484, 210 P.3d at 7.

Although "a defendant's state of mind can rarely be proved by direct evidence," a defendant's intent can be sufficiently proved "by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct[.]" State v. Gomes, 117 Hawai'i 218, 227, 177 P.3d 928, 937 (2008) (citations and internal quotation marks omitted). Here, the transcripts of Brown's sexually-explicit online chats with an undercover HPD detective who told him she was 14 years old, evidence that Brown sent "Shanna" a photograph of his penis, and Brown's arrest at his and "Shanna's" agreed-upon meeting place are substantial evidence that Brown intended "to promote or facilitate the commission of a felony" enumerated in HRS § 846E-1. HRS § 707-756(1)(b). Furthermore, Brown's confession, when viewed in the light most favorable to the prosecution,[5] provides "'[s]ubstantial evidence' as to every material element of the offense charged." State v. Silver, 125 Hawai'i 1, 5, 249 P.3d 1141, 1145 (2011) (citation omitted).

Finally, given that the jury instructions on sexual assault were inaccurate, we consider whether the error was

---

[5] The circuit court held a hearing regarding the admissibility of Brown's statement to police and concluded that Brown was advised of his rights before making the statement, that he understood these rights, and that he knowingly, voluntarily, and intelligently waived them.

harmless beyond a reasonable doubt. State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974,981 (2006) (noting, however, that instructional "error is not to be viewed in isolation and considered purely in the abstract" (bracket omitted)). "[I]n the light of the entire proceedings and given the effect which the whole record shows [them] to be entitled," the instructional errors were harmless beyond a reasonable doubt. Id. The circuit court did not err in instructing jurors on Electronic Enticement, the crime for which Brown was convicted, nor were jurors without an accurate definition of first- and third degree sexual assault. Brown provides no basis for concluding that the inaccurate portions of the jury instructions on sexual assault were prejudicial to him, inasmuch as his defense at trial alleged entrapment, which the jurors apparently rejected, and raised the "impossibility" defense, which this court rejected in Nicholson, 120 Hawai'i at 484-85, 210 P.3d at 7-8. Lastly, the evidence supporting Brown's conviction, including his confession, is overwhelming. There is no reasonable possibility that the instructional errors contributed to the jury's verdict on Electronic Enticement.

Therefore, the August 16, 2010 judgment of conviction and sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 28, 2011.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Albert Cook,
Deputy Attorney General,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

7